MURDOCK, Justice
(concurring in the rationale in part and concurring in the result in case no. 1110057 and concurring in case no. 1110104).
I agree with the analysis of the main opinion in case no. 1110057 -with respect to *14 whether a judgment is “void” for lack of joinder of necessary or indispensable parties. I would add that Professors Wright and Miller also are in “agreement”:
“Because an objection to the failure to join a person who should be regarded as indispensable under Rule 19(b) may be raised as late as on an appeal from a final judgment or by the court on its own motion, the impression is created that a failure to join is jurisdictional, since ordinarily only jurisdictional defects are treated in this fashion. Thus, it is not surprising that cases can be found that speak of nonjoinder as ousting the court of jurisdiction. Since the indispensable-party doctrine is equitable both in its origin and nature, however, scholarly commentary as well as the vast majority of courts reject this ‘jurisdictional’ characterization.”
Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1611 (3d ed.2001) (emphasis added).
I do not agree with the rationale offered by the main opinion, however, for affirming the trial court’s judgment as to some of the plaintiffs. The main opinion reasons that “this Court has explicitly held that notice to the parties of the removal under § 12 — 11—41[, Ala.Code 1975,] of the administration of an estate from the probate court to the circuit court is not required.” 159 So.3d at 11 (emphasis added; emphasis omitted). Be that as it may, the issue before us does not concern a lack of notice of the removal of the administration of the estate, but a lack of notice and an opportunity to participate in a particular proceeding initiated by a petition filed some 28 years after the estate proceedings were initiated. Specifically, the contention before us is that some of the plaintiffs did not receive notice or an opportunity to respond to a petition filed in 2006[11] or to participate in the proceedings that ensued from that petition and that resulted in what the main opinion refers to as the 2006 judgment. I cannot agree that merely because Jewel Campbell, William J. Campbell, Jr., Acie A. Campbell, and Roy J. Campbell were not entitled to notice of the removal in 2005 of the administration of the estate of A.V. Campbell, Sr., from the probate court to the circuit court, they also were not entitled to notice of the 2006 petition and an opportunity to participate in the proceedings ensuing therefrom.
That said, as to Jewel Campbell and William J. Campbell, Jr., I would affirm the 2006 judgment (as does the main opinion), but I would do so on the different ground that both'of those parties either received notice of the 2006 petition and the ensuing proceedings and/or did in fact participate in those proceedings in a manner sufficient to give rise to a waiver of any deficiency in his or her notice of the same.
As to Acie and Roy, I also would affirm on a different ground than that stated in the main opinion. Elsewhere in the main opinion, it is stated that “the plaintiffs do not present a direct argument as to the issue of personal jurisdiction; instead, they rely on the argument that the lack of necessary parties itself rendered the judgment void.” 159 So.Sd at 18. That is, we are not presented in this appeal with an argument differentiating among the plaintiffs for purposes of application of the principles of in personam jurisdiction (or, for *15 that matter, the doctrine of res judicata) in relation to the 2006 judgment. As discussed, the argument that the judgment as a whole is void for failure to join necessary parties is without merit. I therefore concur in the result reached by the main opinion as to Acie and Roy in case no. 1110057.

. The main opinion uses the term “2005 circuit court action.” The estate-administration proceedings were initiated in 1977 and were removed to the circuit court pursuant to a removal petition filed in June 2005. The dispute as to the ownership of certain land that was adjudicated in the 2006 judgment, however, was the subject of a specific petition seeking that adjudication filed on July 10, 2006.